IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK STIKLEATHER and
WILLIAM PETRIDES,   CASE NO. 11-11880
   Judge Lawrence P. Zatkoff
      Plaintiff,

v.

COMCAST OF FLINT, INC.,

      Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 4, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Amend Their Complaint (Docket #7). Defendant has filed a response, wherein Defendant opposes the Motion to Amend (which will have the effect of the case being remanded to Genesee County Circuit Court) or, in the alternative, requesting that this Court impose a sanction of costs on Plaintiffs to compensate Defendant for the expense of removing the action to this Court. Plaintiffs did not reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it

is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Plaintiffs' Motion is GRANTED and the Court ORDERS that this cause of action be REMANDED to Genessee County Circuit Court once Plaintiffs file their First Amended Complaint and Jury Demand.

## II. ANALYSIS

On or about April 5, 2011, Plaintiffs filed this action in Genesee County Circuit Court. On April 28, 2011, Defendant removed this action to this Court on the basis of federal question jurisdiction, as Plaintiffs' Complaint contained references to "the Age Discrimination Act of 1967 . . . 29 U.S.C. § 621" (and, although Plaintiff did not use the acronym, the Court hereinafter shall refer to that act as the "ADEA"). On June 21, 2011, Plaintiffs filed a Motion to Amend Their Complaint to retract any references to the ADEA because Plaintiffs intended to file only an action alleging that Defendant had violated their rights under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA").

In their Motion, Plaintiffs maintain that they intended to file only an ELCRA action with respect to the alleged discrimination by Defendant. A review of the Complaint filed on their behalf reveals that to be true. First, Paragraph 5 expressly states that Plaintiffs were bringing an ELCRA action:

> 5. Plaintiffs bring this action for damages stemming from the acts and/or omissions of Defendant constituting age discrimination, retaliation, hostile work environment and adverse employment action against Plaintiffs in violation of Michigan Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.* which resulted in emotional and economic damages to Plaintiffs.

Second, each of Paragraphs 6, 13 and 18 specifically refers to ELCRA when using federal court/federal claims language. Finally, the fact that Plaintiffs filed the case in state court, not federal court, supports their argument. The Court therefore concludes that Plaintiffs clearly desired to file only an ELCRA action. The Court also finds that Plaintiffs continue to desire that the case be litigated in state court, as evidenced by their filing the instant Motion to Amend, which, if granted, will strip this Court of subject matter jurisdiction over the action. Accordingly, the Court grants Plaintiffs' Motion to Amend Their Complaint, but Plaintiffs must promptly file an amended complaint that mirrors the First Amended Complaint and Jury Demand that is attached as Exhibit B to their Motion to Amend Their Complaint.

Although the Court believes the Plaintiffs should have the right to try this case in state court, as they intended, there is no question that Defendant incurred some expense in properly removing Plaintiffs' Complaint to this Court. And, there can be no question that the failure of Plaintiffs' counsel to prepare and/or proofread the Complaint to limit the legal references to ELCRA resulted in Defendant being served with a confusing pleading. In fact, Defendant understandably could read the Complaint to include an ADEA claim. *See, e.g.* Paragraph 6 (which mentions that jurisdiction and venue is proper in the United States District Court, Eastern District of Michigan); Paragraphs 13 and 18 (which identify the "Age Discrimination Act of 1967" or "Age Discrimination Act of 1967 . . . 29 U.S.C. § 621").

As set forth above, however, Plaintiffs expressly stated that they were bringing an ELCRA action. The Court also notes that the case was filed in Genesee County Circuit

3

Court, not this Court, and that each of the references to the "Age Discrimination Act of 1967 . . . 29 U.S.C. § 621" also specifically referred to ELCRA, not the ADEA. In other words, at a minimum, Plaintiffs' initial pleading was sufficiently confusing such that the reasonable thing for legal counsel to do in that situation would be to call or email Plaintiffs' counsel to clarify the legal authority(ies) upon which Plaintiffs were basing their claim(s). Then, rather than incur about $2,000 in expenses to remove this case to a venue that Defendant apparently prefers, Defendant's counsel could have spent a half-hour (or less) communicating with Plaintiffs' counsel. By doing so, the same result would have been reached: Plaintiffs would have filed an amended complaint and the case would be litigated in state court, only it would have occurred without either party incurring the additional expenses associated with removal and remand of this case.

For the foregoing reasons, the Court finds that it would be appropriate in this case to have Plaintiffs' counsel bear **a portion** of the cost incurred by Defendant. *See Local 783 v. G.E. Co.*, 471 F.2d 751, 756 (6th Cir. 1973) (citing *Firchau v. Diamond Ntl. Corp.*, 345 F.2d 269 (9th Cir. 1965)). The Court concludes that the appropriate amount of compensation in this matter would be $180, which is one-half hour of the billing rate claimed by the attorney who initially handled this matter on behalf of Defendant. Plaintiffs' counsel shall cause a check for $180 to be delivered to Defendant's counsel, made payable to Defendant or Defendant's counsel (as Defendant's counsel directs Plaintiffs' counsel within three days of the issuance of this Opinion and Order) on or before August 23, 2011.

## III. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that:

1. Plaintiffs' Motion to Amend Their Complaint (Docket #7) is GRANTED; and

2. Plaintiffs shall promptly file the First Amended Complaint and Jury Demand in the form attached as Exhibit B to Plaintiffs' Motion to Amend Their Complaint; and

3. Plaintiffs' counsel shall cause a check for $180 to be delivered to Defendant's counsel, made payable to Defendant or Defendant's counsel (as Defendant's counsel directs Plaintiffs' counsel within three days of the issuance of this Opinion and Order) on or before August 23, 2011; and

4. The Clerk of the Court shall REMAND this cause of action to Genesee County Circuit Court once Plaintiffs file their First Amended Complaint and Jury Demand.

IT IS SO ORDERED.

                                                 S/Lawrence P. Zatkoff
                                                 LAWRENCE P. ZATKOFF
                                                 UNITED STATES DISTRICT JUDGE

Dated: August 4, 2011